IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

BETTY GRINDER,

    Plaintiff,

v.

EXPERIAN INFORMATION SOLUTIONS, INC.; WELLS FARGO BANK, NATIONAL ASSOCIATION; JPMORGAN CHASE BANK; COMENITY, LLC; DISCOVER FINANCIAL SERVICES, INC.; TD BANK USA, NATIONAL ASSOCIATION; and DOES 1 through 100 inclusive,

    Defendants.

No. C 17-00343 WHA

**ORDER RE MOTION FOR SUMMARY JUDGMENT AND MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT**

**INTRODUCTION**

In this action for alleged violation of the Fair Credit Reporting Act ("FCRA"), defendant bank moves for summary judgment and plaintiff moves for leave to file a second amended complaint to add a claim under the California Consumer Credit Reporting Agencies Act ("CCRAA"). For the reasons discussed below, defendant bank's summary judgment motion is **GRANTED** and plaintiff's motion for leave to file a second amended complaint is **GRANTED**.

**STATEMENT**

Plaintiff Betty Grinder filed for Chapter 7 bankruptcy in October 2015 (Amend. Compl. ¶ 70). The bankruptcy proceedings included Chase as a creditor. In May 2016, the bankruptcy court discharged debts held by all creditors, including Chase (*id.* ¶ 71–105).

Four months later, Grinder ordered credit reports from Experian Information Solutions, Inc.; Equifax, Inc.; and TransUnion, LLC. Grinder noticed "[nine] different trade lines" on the September 2016 credit report that purportedly contained inaccurate, misleading, or incomplete information not "comport[ing] with credit reporting industry standards." Specifically, Grinder alleges Chase still reported an account as "charged off" with a balance of $1,335.00 rather than discharged (*id.* ¶ 73, 89).

Grinder allegedly disputed Chase's inaccurate trade line via certified mail with Experian, Equifax, and TransUnion on November 8, 2016, and believed the credit reporting agencies ("CRAs") received her dispute letter and subsequently sent Chase an automated credit dispute verification (ACDV) through an online reporting system, e-OSCAR. Grinder ordered a second credit report from these CRAs in December 2016 to confirm her accounts had been corrected. The report allegedly continued to show a Chase account balance that was past due, and the status remained "charged off" (*id.* ¶ 78–79, 89–92).

On January 23, 2017, Grinder commenced this action, alleging Chase violated the FCRA, Section 1681s-2(b) of Title 15 of the United States Code. She contends Chase failed to conduct a reasonable investigation after being notified by Experian of her dispute and continued to report that purportedly misleading and inaccurate account information (*id.* ¶ 109–21).

Chase now moves for summary judgment on Grinder's FCRA claim. Grinder seeks leave to amend to add a claim under the California Consumer Credit Reporting Agencies Act, California Civil Code Section 1785.25(a), against Chase; Wells Fargo Bank, National Association; and RC Willey Home Furnishings, Inc.

This order follows full briefing and oral argument.

**ANALYSIS**

1. **CHASE'S MOTION FOR SUMMARY JUDGMENT.**

To state a claim under the FCRA, Grinder must show that (1) she found an inaccuracy in her credit report; (2) she notified a credit reporting agency; (3) the credit reporting agency notified the furnisher of the information about the dispute; and (4) the furnisher failed to investigate the inaccuracies or otherwise failed to comply with the requirements of

Section 1681s-2(b). *Robinson v. TransUnion, LLC*, 2016 WL 5339807, at *5 (N.D. Cal. Sept. 23, 2016) (Judge Edward Davila); *see also Gorman v. Wolpoff & Abramson, LLP*, 584 F.3d 1147, 1154 (9th Cir. 2009) (A furnisher's "duties [are] triggered upon notice of a dispute from a CRA."). Summary judgment is appropriate when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. F.R.C.P. 56(a).

Chase argues there is no dispute of material fact that it was never notified of the credit dispute Grinder allegedly submitted to the CRAs. In support of its argument, Chase has submitted a declaration of David Rivera, an operations analyst for Chase Bankcard Services, Inc., a wholly-owned subsidiary of Chase, in which he states that Chase has no record it received an ACDV or any other communication from Experian or another CRA related to Grinder's Chase account (Dkt. No. 64-1 ¶ 5). At oral argument, counsel for Experian also confirmed that it did not send an ACDV or other notice of Grinder's dispute to Chase. Grinder did not submit any evidence to the contrary. Her counsel also admitted at oral argument to not having a FCRA claim against Chase if Experian did not send an ACDV to Chase.

In short, Chase is entitled to summary judgment on Grinder's FCRA claim. The motion is **GRANTED**.

2. **GRINDER'S MOTION FOR LEAVE TO AMEND.**

Rule 15(a)(2) advises, "[t]he court should freely give leave when justice so requires." In ruling on motions for leave to amend, courts consider (1) bad faith, (2) undue delay, (3) prejudice to the opposing party, (4) futility of amendment, and (5) whether the plaintiff has previously amended their complaint. *Nunes v. Ashcroft*, 375 F.3d 805, 808 (9th Cir. 2003). Courts may decline to grant leave to amend only "if there is strong evidence" of one or more of these factors. *Sonoma Cty. Ass'n of Retired Emps. v. Sonoma Cty.*, 708 F.3d 1109, 1117 (9th Cir. 2013).

Chase opposes as follows. *First*, it points out Grinder has already amended the complaint once, and there has been undue delay by Grinder in bringing the CCRAA claim against Chase. Grinder filed her motion in compliance with the case management order (Dkt. No. 51). True, Grinder is now seeking to amend her complaint five months after this action was filed

3

and two months after the case management conference in which her counsel acknowledged the absence of that claim in her first amended complaint; however, undue delay by itself is insufficient to justify denying a motion to amend a complaint. *Howey v. United States*, 481 F.2d 1187, 1190–91 (9th Cir. 1973) (reversing the denial of a motion for leave to amend where the district court did not provide a *contemporaneous* specific finding of prejudice, bad faith, or futility.).

*Second*, Chase argues because Grinder's counsel now has its employee's uncontroverted declaration attesting to never receiving an ACDV from Experian, he has broken an earlier promise to dismiss Chase and is now acting in bad faith (*see* Dkt. Nos. 63 at 20:17–20; 65 at 4). The declaration from Chase's employee, however, is dated *June 28, 2017*. Grinder filed her motion for leave to file an amended on June 21, 2017. Nowhere in Chase's opposition does it mention providing Grinder with this declaration prior to her filing.

Moreover, Chase argues that Grinder's attempt to assert new claims while not presenting new facts or evidence is "nothing more than a tactic to harass Chase [to] increase [its] litigation costs" and "extract[] a nuisance-value settlement" (Dkt. No. 65 at 5). Chase relies on *Kaneka Corp. v. SKC Kolon PI, Inc.*, 2013 WL 11237203 (C.D. Cal. May 6, 2013) (Judge Jesus Bernal) in support of its position. In *Kaneka*, the plaintiff moved to add a new party more than six months after it requested the court to lift the fifteen-month stay, and three years after it filed its initial complaint. That court denied leave to amend in part because the motion was not just to obtain leverage after *three years* of litigation or to harass the defendants, but also to attempt to "re-do discovery" despite a lengthy International Trade Commission investigation, and the fact plaintiff had opportunities to add parties to the ITC investigation but opted not to. WL 11237203, at *3–4. By contrast, our action has been pending for approximately six months, not three years. Moreover, discovery is still ongoing; it does not close until October 31 (*see* Dkt. No. 51).

*Third*, the addition of the CCRAA claim will not prejudice Chase (*see* Dkt. No. 65 at 5). Chase cites our court of appeals for the proposition that "a motion for leave to amend is a not a vehicle to circumvent summary judgment." *Burdett v. Reynoso*, 399 F. App'x 276, 278 (9th Cir.

4

2010). Again, Grinder filed her motion before Chase filed its motion for summary judgment. Moreover, this order is without prejudice to Chase bringing a motion to dismiss regarding Grinder's CCRAA claim.

In sum, there is insufficient evidence of undue delay, bad faith or prejudice to decline Grinder's motion for leave to file a second amended complaint. Her motion is **GRANTED**.

## CONCLUSION

For the foregoing reasons, defendant's motion for summary judgment is **GRANTED** and plaintiff's motion for leave to file a second amended complaint is **GRANTED** and must be filed by **AUGUST 21, 2017**. This order is without prejudice to defendant bringing a motion to dismiss regarding plaintiff's CCRAA claim.

**IT IS SO ORDERED.**

Dated: August 14, 2017.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE