IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

BETTY GRINDER,

    Plaintiff,

v.

EXPERIAN INFORMATION SOLUTIONS, INC., JPMORGAN CHASE BANK, RC WILLEY HOME FURNISHINGS, INC., and DOES 1 through 100, inclusive,

    Defendants.

No. C 17-00343 WHA

**ORDER DENYING DEFENDANT CHASE BANK USA, N.A.'S MOTION FOR ATTORNEY'S FEES**

**INTRODUCTION**

In this action for alleged violations of the Fair Credit Reporting Act and California Consumer Credit Reporting Agencies Act, defendant Chase Bank USA, N.A. moves for attorney's fees under 28 U.S.C. 1927. For the reasons herein, the motion is **DENIED**.

**STATEMENT**

Plaintiff Betty Grinder filed for Chapter 7 bankruptcy in October 2015. The bankruptcy proceedings included Chase as a creditor. In May 2016, the bankruptcy court discharged debts held by all creditors, including Chase (Dkt. No. 81 ¶ 70–71, 80, 89, 160).

Four months later, Grinder ordered credit reports from Experian Information Solutions, Inc.; Equifax, Inc.; and TransUnion, LLC. Grinder noticed "[nine] different trade lines" on the September 2016 credit report that purportedly contained inaccurate, misleading, or incomplete

information not "comport[ing] with credit reporting industry standards." Specifically, Grinder alleges Chase still reported an account as "charged off" with a balance of $1,335.00 rather than discharged (*id.* ¶¶ 73, 89).

Grinder allegedly disputed Chase's inaccurate trade line via certified mail with Experian, Equifax, and TransUnion on November 8, 2016, and believed the credit reporting agencies ("CRAs") received her dispute letter and subsequently sent Chase an automated credit dispute verification (ACDV) through an online reporting system, e-OSCAR. Grinder ordered a second credit report from these CRAs in December 2016 to confirm her accounts had been corrected. The report allegedly continued to show a Chase account balance that was past due, and the status remained "charged off" (*id.* ¶ 74, 78–79, 89).

On January 23, 2017, Grinder commenced this action, alleging Chase violated the FCRA, Section 1681s-2(b) of Title 15 of the United States Code. At an August 3 summary judgment hearing, Experian confirmed that it had not sent a ACDV to Chase, so an order ruled in favor of Chase as to the FCRA claim against it, but granted Grinder leave to amend her complaint. On August 23, Grinder filed a second amended complaint, in which she alleged Chase violated the CCRAA, Section 1785.25(a) of the California Civil Code. On September 25, the parties jointly stipulated to an order dismissing Chase from the action with prejudice (Dkt. Nos. 1, 80–81, 83, 91, 93).

Chase now moves for attorney's fees under 28 U.S.C. 1927.

This order follows full briefing and oral argument.

**ANALYSIS**

**1. LEGAL STANDARD.**

Under Section 1927, an attorney "who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorney['s] fees reasonably incurred because of such conduct." "Sanctions pursuant to [S]ection 1927 must be supported by a finding of subjective bad faith." *New Alaska Dev. Corp. v. Guetschow*, 869 F.2d 1298, 1306 (9th Cir. 1989). "Bad faith is present when an

2

1  attorney knowingly or recklessly raises a frivolous argument or argues a meritorious claim for
2  the purpose of harassing an opponent." *Ibid*. (citations and quotations omitted).

3  Whether to impose inherent power sanctions is "a determination that rests in the sound
4  discretion of the district court." *Fink v. Gomez*, 239 F.3d 989, 994 (9th Cir. 2001).

### 2. NO BAD FAITH UNDER SECTION 1927.

Chase argues that sanctions should be imposed because Grinder's counsel pursued her CCRAA claim in bad faith. Chase offers three possible grounds for finding bad faith to support its argument. Additionally, Chase argues that Grinder's counsel pursued her FCRA claim in bad faith. This order addresses each argument in turn.

#### A. Amended Complaint Was Not Frivolous or Intended to Harass.

As an initial matter, this order addresses Chase's objection to Grinder's counsel adding new, allegedly false factual allegations in her second amended complaint which were not included in the proposed complaint (Dkt. No. 96 at 8). Specifically, the second amended complaint included the additional allegation that "[Chase] furnished information on or around December 13, 2016 that was outdated, incomplete, and facially inaccurate" (Dkt. No. 81 ¶ 89). While this order recognizes the impropriety of Grinder's counsel undermining the court's discretion by filing an amended complaint different to that proposed, it does not find sanctions are warranted in this instance because this filing was not frivolous or intended to harass. *See In re Keegan Mgmt. Co., Sec. Litig.*, 78 F.3d 431(9th Cir. 1996) ("For sanctions to apply, if a filing is submitted recklessly, it must be frivolous, while if it is not frivolous, it must be intended to harass").

Grinder did not bring a different claim under the CCRAA than what the court had authorized in its order granting leave to amend, but by adding this allegation did alter the theory supporting that claim — rather than Chase having failed to update its reporting to Experian, Grinder's new theory was that Chase actually furnished the information reflected in the December 2016 credit report. Chase argues that Grinder vexatiously added this allegation without having a factual basis for doing so, in order to evade dismissal and extract a "nuisance value settlement" (Dkt. No. 102 at 7).

3

Chase seeks attorney's fees incurred since June 15 — the date Grinder announced her intent to file a second amended complaint. During this time period, Chase claims that it was forced to: (1) move for summary judgment on an FCRA claim after [Grinder's counsel] broke [their] promise to dismiss this claim against Chase; (2) oppose [the] motion to add a CCRAA claim against Chase; (3) appear for a Court-ordered mediation; (4) answer the lengthy second amended complaint; and (5) incur additional defense costs attempting to obtain discovery from [Grinder]. But each of the claims giving rise to these proceedings had a sufficient factual basis to show that Grinder did not pursue them in bad faith under Section 1927. The evidentiary support for Grinder's claims — the crux of Chase's motion — is now discussed in detail.

### *(1)    Grinder Did Not Lack Factual Basis for CCRAA Claim.*

Chase contends that "the factual allegations [Grinder's counsel] offered to support [her] CCRAA claim lacked any evidentiary support" because the credit report upon which Grinder relied did not support her claim that Chase "furnished inaccurate information following her bankruptcy discharge" (Dkt. No. 96 at 10). Specifically, Chase argues that Grinder acted in bad faith by alleging that the information contained in her December 2016 credit report was inaccurate or incomplete when that information had not been updated since November 2015, and was accurate at that time (*id.* at 10–11). In her opposition, Grinder does not dispute that the amount reported in November 2015 was accurate, but that this amount was incomplete as of December 2016 because it reflected the amount owed during bankruptcy rather than post-discharge (Dkt. No. 99 at 12–13).[1]

Contrary to Chase's assertion that it had taken no affirmative action beyond what it provided to Experian in November 2015, Grinder alleged that Chase "continued to 'furnish' outdated incomplete information that it should have known was not complete" (*ibid.*). Chase argues that such allegations were demonstrably false, made only to keep the case alive and raise a claim under Section 1785.25(a), which was not preempted by the FCRA, as opposed

---

[1] California Civil Code § 1785.25(a) provides that "[a] person shall not furnish information on a specific transaction or experience to any consumer credit reporting agency if the person knows or should know the information is incomplete or inaccurate."

4

to Section 1785.25(b). Chase submitted a business record which purports to show that Chase furnished the bankruptcy to Experian in June and thereafter stopped reporting on Grinder's account (Dkt. No. 98-8). Chase concludes that Grinder "had no factual basis to assert in any of her complaints that Chase had furnished inaccurate information after she obtained her bankruptcy discharge" because in the credit report her Chase account "was plainly labeled as having been 'Last Updated' on November 8, 2015" (Dkt. No. 96 at 10).

Chase asks the court to impose sanctions on these grounds. But this is not an example of Grinder's counsel recklessly misstating the law and facts for an improper purpose, as Chase alleges (Dkt. No. 96 at 12–13); *See Fink*, 239 F.3d at 994. Grinder's debt had been discharged over six months prior to obtaining the December 2016 report. Chase claims that it reported the discharge to Experian in June. Still, the report reflected an outstanding balance owed to Chase, despite her belief that she had disputed this account balance the previous month. Grinder and her counsel could not have been expected to know the technical meaning of "Last Updated" without having Experian explain how and when it had received that information from Chase and why the post-discharge amount was not reflected in the report it provided. It is not obvious, despite Chase's assertion, that in the absence of updated information, Chase could not still have "furnished" outdated information for purposes of Section 1785.25(a). That Grinder's counsel pursued her state law cause of action under the theory that Chase was "continually furnishing" this information does not imply this allegation was made in bad faith.

Nor is it obvious from Chase's business record to which credit bureau the bankruptcy discharge was reported. Specifically, the document states, "Bankruptcy discharge reported to credit bureau" (Dkt. No. 98-8). At the hearing, Chase's counsel represented that this meant it was sent to three credit bureaus. Chase's argument — that this record put Grinder's counsel on notice that the allegation being made was unfounded — is unpersuasive, and it was reasonable for Grinder's counsel not to take Chase's word as to the meaning or effect of that document.

Nor does "the manner in which [Grinder's counsel] pursued the CCRAA claim" support such an inference (Dkt. No. 102 at 7). Contrary to Chase's assertion, Grinder's stated reason for dismissing Chase from the lawsuit — a change in Experian's settlement approach

5

post-mediation — is not evidence of an intent to harass Chase. Moreover, Chase's argument that Grinder's counsel had "made no attempt to obtain discovery from Experian or Chase" is unconvincing in light of the October 31 discovery cut-off date, when leave to amend was granted on August 14 and Chase was dismissed on September 25. Relatedly, Chase's argument that Grinder failed to "provide evidence to corroborate [her] new allegations that she suffered damages" is also unpersuasive for reasons discussed below (Dkt. No. 102 at 7–9).

### *(2) Grinder Not Foreclosed from Providing Evidence of Damages.*

Chase argues that Grinder's counsel "lacked any evidence that [she] had suffered any damages — an essential element of a CCRAA claim" (Dkt. No. 96 at 13). Chase cites to a decision from another district court in our circuit for the proposition that Grinder cannot recover under the CCRAA without proving "actual harm." That court based its holding on previous district court decisions interpreting the FCRA, noting that "[b]ecause the CCRAA is substantially based on the [FCRA], judicial interpretation of the federal provisions is persuasive authority and entitled to substantial weight when interpreting the California provisions." *Duarte v. J.P. Morgan Chase Bank*, 2014 WL 12561052, at *3 n. 3 (C.D. Cal. Apr. 7, 2014) (Judge George King).

In her complaint, Grinder sought "actual damages related to [her] emotional distress and frustration over [Chase]'s refusal to update the accounts described herein and the cost of pulling the credit report at issue for the sole purpose of verifying accuracy AFTER the dispute process was complete" (Dkt. No. 81 at 14). Chase argues that for Grinder to assert a CCRAA claim "despite lacking any evidence of damages further supports an award of attorney['s] fees," and cites to *Great Dynasty Int'l Fin. Holdings Ltd. v. Li*, 2014 WL 3381416, at *7 (N.D. Cal. July 10, 2014) (Judge Edward Chen) (Dkt. No. 96 at 14). *Li* held that "'a reasonable and competent inquiry into the law would have revealed that [plaintiff] could not demonstrate' essential elements of their claims including 'economic loss'" (*ibid.*). Here, Grinder was not foreclosed from demonstrating the essential elements of her claim, specifically damages. *See Drew v. Equifax Info. Serv., LLC*, 690 F.3d 1100, 1109 (9th Cir. 2012) ("The FRCA permits recovery for emotional distress and humiliation"). Chase thus fails to show bad faith by Grinder.

6

### *(3)* *Grinder's Unavailability Not Tantamount to Bad Faith.*

Chase also claims that from its perspective, "there was no plaintiff in this lawsuit," because Grinder "offered no proof of damages and failed to appear in-person for mediation" and because she "resisted efforts by Chase to take [her] deposition in the venue where she filed suit," despite claiming medical issues prevented her from doing so (Dkt. No. 96 at 14). While surely frustrating for defense counsel, none of this rises to the level of subjective bad faith or warrants the imposition of sanctions.

### B. Grinder Reasonably Pursued FCRA Claim.

Additionally, Chase argues that Grinder's counsel's "bad-faith maintenance of [her] FCRA claim after having been informed by Chase at least four times that the claim was futile warrants a fee award" (*id.* at 15). This claim was dealt with in a prior order granting summary judgment to Chase (Dkt. No. 80). Chase bases its argument on an email and letter sent to Grinder's counsel explaining it had not received an ACDV from Experian (Dkt. No. 105-6 at 2; Dkt. No. 105-8 at 2–4). Chase claims these constitute "evidence that Chase had never received notice of [Grinder]'s dispute" and Grinder should have dismissed her FCRA claim upon their receipt (Dkt. No. 96 at 15). This correspondence, conducted prior to Chase responding to the complaint, is not the "evidence" that Chase claims it was.[2]

Grinder believed that she had disputed the item and that Experian would have forwarded her objection to Chase. It's true that Chase told her that it had never received the objection, but, in light of the fact that Experian should have sent it to Chase, Grinder and her lawyer were reasonable in doubting the accuracy of Chase's representation. They acted reasonably in waiting to see if Experian would confirm or contradict the assertion of no receipt by Chase.

Because Chase has failed to show that Grinder or her counsel have acted in bad faith in pursuing either the CCRAA or FCRA claims, there is no cause for sanctions under Section 1927.

---

[2] Chase moves to amend the declaration of Megan L. Rodgers to clarify a potentially ambiguous statement regarding its mediation efforts. The requested amendment does not affect the analysis herein. Nonetheless, the request is unopposed and **GRANTED**. Chase's request to file the amended declaration under seal (Dkt. No. 105) will be addressed in a separate order.

7

**3. COURT DECLINES TO EXERCISE INHERENT AUTHORITY.**

For the same reasons provided above, the court also declines to exercise its inherent authority to impose sanctions.

**CONCLUSION**

For the reasons discussed above, defendant Chase Bank USA, N.A.'s motion for attorney's fees is **DENIED**.

**IT IS SO ORDERED.**

Dated: December 6, 2017.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE